UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Arthur Lavin, *et al.*, | ) | Case No. 1: 10 CV 1986 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| Jennifer Brunner, in her official capacity | ) | AND ORDER |
| as Ohio Secretary of State, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court pursuant to a Report and Recommendation (ECF #17) issued by Magistrate Judge Nancy Vecchiarelli on October 12, 2010, recommending that Plaintiffs' Motion for Preliminary Injunction against Defendant to prohibit her from enforcing Ohio Rev. Code § 3599.45 (ECF #2) be granted and that a preliminary injunction against enforcement of § 3599.45 be issued. Both Plaintiffs and Defendant filed objections to the Report and Recommendation on October 19, 2010. On October 22, 2010, the parties filed responses to the other parties' objections. For the reasons that follow, the Report and Recommendation is not adopted and Plaintiffs' Motion for a Preliminary Injunction (ECF #2) is denied.

**Factual and Procedural Background**[1]

Plaintiffs, who are Ohio physicians and Medicaid providers, filed this action on September 3, 2010, seeking a declaratory judgment that Ohio Rev. Code § 3599.45 violates the First and Fourteenth Amendments to the United States Constitution and an injunction barring Defendant, the Secretary of State, from enforcing § 3599.45 against candidates for attorney

---

[1] Magistrate Judge Vecchiarelli provided a cogent and useful summary of the factual background of Senate Bill 159 and of the issues relevant to this action in her report and recommendation.

general or county prosecutor to whom Plaintiffs make campaign contributions.

The Ohio General Assembly adopted Senate Bill 159 in 1978 which barred Medicaid providers from fraudulently claiming payments for ostensible services and provided for the investigation and prosecution of Medicaid fraud. Included in Senate Bill 159 was the provision at issue here which provides in relevant part:

> (A) No candidate for the office of attorney general or county prosecutor or such a candidate's campaign committee shall knowingly accept any contribution from a provider of services or goods under contract with the department of job and family services pursuant to the medicaid program of Title XIX of the "Social Security Act," 49 Stat. 620 (1935), 42 U.S.C. 301, as amended, or from any person having an ownership interest in the provider. . . .
> (B) Whoever violates this section is guilty of a misdemeanor of the first degree.

Ohio Rev. Code § 3599.45.

Plaintiffs allege that they contacted the campaign office of Ohio Attorney General Richard Cordray in July 2010 to ask how Plaintiffs might make a donation to his campaign for re-election. The campaign office told Plaintiffs that it could not accept campaign contributions from Plaintiffs because they provided services to patients insured by Medicaid. Plaintiffs also discovered that Cordray's campaign website also warns potential donors that it is not permitted to accept campaign contributions from Medicaid providers or from any person having an ownership interest in the provider. Plaintiffs filed this action two months later, asserting that their First Amendment rights have been violated and that they will suffer irreparable harm if Defendant is not enjoined from enforcing § 3599.45 so that they will be permitted donate to Mr. Cordray's campaign (or any other candidate running for attorney general or county prosecutor) before election day in November, 2010.

2

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report.  When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*.  FED. R. CIV. P. 72(b) provides:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

**Discussion**

This Court has reviewed the Report and Recommendation of the Magistrate Judge *de novo*, in conjunction with the written objections and responses of the Parties and finds that the objections and response submitted by Defendant are persuasive.  Specifically, the Court disagrees with the Magistrate Judge's conclusion that Plaintiffs demonstrated a strong likelihood of success on the merits of their claim.  Without a finding of likelihood of success on the merits, irreparable injury cannot be presumed and Plaintiffs would not be entitled to a preliminary injunction.

Under *Buckley v. Valeo*, 424 U.S. 1, 25 (1976), and its progeny, § 3599.45 is Constitutional so long as it is closely drawn to match a sufficiently important governmental interest.  Magistrate Judge Vecchiarelli correctly determined that the Secretary set forth a sufficiently important state interest behind §3599.45, the prevention of corruption or the appearance of corruption arising from Medicaid providers contributing to the campaigns of

3

candidates for Attorney General or County prosecutor–the offices charged with enforcing the Medicaid fraud provisions against Medicaid providers. This Court disagrees with the finding that §3599.45 was not closely drawn to match the state's interest in preventing corruption or the appearance of corruption.

A contribution restriction, such as the one at issue here, is closely drawn if it "do[es] not undermine to any material degree the potential for robust and effective discussion of candidates and campaign issues by individual citizens, associations, the institutional press, candidates or political parties." *Buckley*, 424 U.S. at 29. In applying this standard, the Supreme Court instructed that "we have 'no scalpel to probe' each possible contribution level. We cannot determine with any degree of exactitude the precise restriction necessary to carry out the statute's legitimate objectives. In practice, the legislature is better equipped to make such empirical judgments, as legislators have 'particular expertise' in matters related to the costs and nature of running for office." *Randall v. Sorrell*, 548 U.S. 230, 248 (2006) (citations omitted). As such, courts should ordinarily defer to the legislature's determination of such matters. *Id*.

The statute at issue here applies only to Medicaid providers, and their owners, as contributors and the enforcers of the Medicaid statute, as the recipients. It only prohibits direct contributions from Medicaid providers to candidates for offices that prosecute Medicaid fraud. It does not prevent Medicaid providers, or their owners, from contributing to any other candidate for any other state or county office. In addition, the statute does not limit contributions by employees or families of Medicaid providers. While Medicaid providers and their owners are limited in making direct financial contributions to a candidate for attorney general or county prosecutor, they may exercise their rights of free association and speech under the First

Amendment by volunteering their time to such candidates and may certainly "enter into robust and effective discussion of candidates and campaign issues." Thus, the statute does not prohibit Plaintiffs from supporting Mr. Cordray's candidacy or any other candidate for attorney general or county prosecutor. Accordingly, the contribution ban of § 3599.45 is more properly described as a "merely marginal speech restriction," which does not materially limit the robust and effective discussion of candidates. *FEC v. Beaumont*, 539 U.S. 146, 161 (2003)("restrictions on political contributions have been treated as merely 'marginal' speech restrictions...because contributions lie closer to the edges than to the core of political expression").

As the First Amendment has not been burdened beyond marginal speech restrictions related to contributions, this Court will not second guess the legislature as to the precise restrictions necessary to carry out the state's sufficiently important government interest. After careful review, it is clear that the concerns expressed by the Magistrate Judge do not support a conclusion that § 3599.45 was not closely drawn. Accordingly, the Court finds that Plaintiffs' have not demonstrated a strong likelihood of success on the merits. The Magistrate Judge's finding of irreparable injury was based on her finding of a strong likelihood of success on the merits. Without that finding that Plaintiffs' First Amendment rights were impermissibly impinged, Plaintiffs have not shown that they will be irreparably injured absent the issuance of an injunction.[2]

---

[2]

Defendant raises the issue that the injunction sought by Plaintiffs may not result in the relief they seek. While the Secretary of State may be enjoined from enforcing § 3955.45, as a criminal statute, the duties of prosecuting violations of § 3955.45 falls to the county prosecutors who are not party to this action. Thus, county prosecutors may charge violators of § 3955.45 even if such violations were not discovered or referred to them by the Secretary of State. County prosecutors may act individually. Thus, it is speculative whether any candidate for attorney general or county prosecutor would accept a donation

**Conclusion**

For the reasons set forth above, the Report and Recommendation is not adopted. Plaintiffs' objections are overruled. Plaintiffs' Motion for a Preliminary Injunction (ECF #2) is denied.

IT IS SO ORDERED.

                                                 */s/ Donald C. Nugent*
                                                 DONALD C. NUGENT
                                                 UNITED STATES DISTRICT JUDGE

DATED:   October 27, 2010

---

from a Medicaid provider if only the Secretary of State, but not the county prosecutors, are enjoined from enforcing the statute. In any event, Plaintiffs have not shown the elements necessary to obtain a preliminary injunction.