PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ARTHUR LAVIN, *et al.*, | ) | |
| | ) | CASE NO.  1:10CV1986 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| JON HUSTED, *etc.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF Nos. 161 and 172] |

Pending is Plaintiffs' Motion for Fees and Costs Incurred Prosecuting their Attorneys'

Fees Motion ("Fees-for-Fees" Motion) (ECF No. 161).  As prevailing parties under 42 U.S.C. §

1988, Plaintiffs sought $657,652.75 in attorneys' fees and $7,992.93 in costs and expenses for

the effort expended pursuing the substantive claims in this case.  ECF No. 97.  In that original fee

petition, Plaintiffs augured that they expected to supplement their motion or move separately for

"additional fees and costs incurred in recovering attorneys' fees and costs, as is legally

permitted."  ECF No. 97 at PageID #: 3342.

**I.**

Plaintiffs, who are physicians and Ohio Medicaid providers, filed the above-entitled §

1983 action against Ohio's Secretary of State in September 2010 arguing that Ohio Rev. Code §

3599.45 was unconstitutional on its face under the First and Fourteenth Amendments.  Plaintiffs

prevailed.  *Lavin v. Husted*, 689 F.3d 543 (6th Cir. 2012) ("*Lavin I*").  Later, the Sixth Circuit

vacated the district court's award of attorneys' fees under 42 U.S.C. § 1988 and remanded for a

(1:10CV1986)

new calculation of fees before a different district judge. *Lavin v. Husted*, 764 F.3d 646 (6th Cir. 2014) ("*Lavin II*").[1]  The case at bar, the history of which is "relatively uncomplicated and short," *Lavin II* at 652, was reassigned to the docket of the undersigned who referred the matter to the assigned magistrate judge for general pretrial supervision.[2]

After the magistrate judge conducted a settlement conference, Defendant agreed to pay and Plaintiffs agreed to accept attorneys' fees and costs equal to $461,077.56. *See* Stipulated Judgment Entry Regarding Partial Settlement of Attorneys' Fees and Costs (ECF No. 159). Essentially, Defendant agreed to pay $454,635.53 in fees and $6,442.03 in costs to settle Plaintiffs' request for fees incurred through September 21, 2012—the date on which the judgment entry resolving the merits of the case was issued.[3]  The settlement reached for the "merits fees," resulted in a $203,017.22 reduction from the fees originally requested by Plaintiffs. *See* ECF No. 97.

---

[1]  Litigation is not without risk.  The fact is that, despite the most zealous and competent of efforts, success is never guaranteed.  Counsel face serious risk since judicial review is unpredictable.  *In re Prudential-Bache Energy Income P'ships Sec. Litig.*, No. 888, 1994 WL 202394, at *6 (E.D.La. May 18, 1994).

[2]  The referral was pursuant to 28 U.S.C. § 636 and Local Rules 72.1 and 72.2(a), which authorized the magistrate judge to file with the Court a report containing proposed findings and a recommendation for disposition of case-dispositive motions.  *See* Order of Reference (ECF No. 144).

[3]  It is to be remembered that the Court previously "awarded only $128,908.74 in fees and $6,315.00 in costs—an amount seventy percent less than the magistrate judge's recommendation and eighty percent less than plaintiffs' original request."  *Lavin II* at 648.

2

(1:10CV1986)

The parties, however, did not settle the dispute over the fees-for-fees, or the supplemental fees and costs request that Plaintiffs forewarned they would pursue "as is legally permitted."[4] Plaintiffs "Fees-for-Fees" Motion requests an additional $457,065.50[5] in fees and $14,943.98 for costs.  ECF No. 161.  Contrary to Plaintiffs' request, the magistrate judge submitted a report (ECF No. 168) recommending "that Plaintiffs be awarded a total of $13,639.07 in fees and $9,531.48 in costs for the litigation related to Plaintiffs' original request for fees in this matter." ECF No. 168 at PageID #: 6097.  Plaintiffs objected. ECF No. 172.  Defendant opposes the objections.  ECF No. 175.

After notice to the parties, the Court heard oral argument on the objections.  The Court has been advised, having reviewed the record, the parties' briefs, the applicable law, and has the benefit of the oral arguments of counsel.  Fully advised, the Court, after reviewing the objections, hereby adopts the magistrate judge's report and recommendation, but only in part.

---

[4] Plaintiffs argue that Defendant had an opportunity to settle the fees-for-fees case as early as November 2012, but prolonged the litigation by refusing to discuss settlement early on in the fees litigation.  *See* Email Exchange (ECF No. 149-1).  After *Lavin II* was decided, Plaintiffs' counsel, again, inquired about settlement and noted "Plaintiffs do intend with this case to continue to challenge the *Coulter* 3% cap on fees for fees and cannot think of a better case with which to do it."  Letter dated September 4, 2014 (ECF No. 149-2).

[5] *See* Plaintiffs' Notice of Errata Regarding "Fees-for-Fees" Motion (ECF No. 162) at PageID #: 5972.  While "[t]he fees requested discount by at least $109,973.00 (19.4%) the fees incurred (through December 10, 2014)," (ECF No. 162 at PageID #: 5972), they are still more than 100% of the fees already awarded for work in the main case, *i.e.* the merits fees.

3

(1:10CV1986)

## II.  Standard of Review for a Magistrate Judge's Report and Recommendation

Where objections have been made to the magistrate judge's Report and Recommendation, the District Court standard of review is *de novo*.  Fed. R. Civ. P. 72(b)(3).  A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*

Accordingly, the Court has conducted a *de novo* review of the portions of the Magistrate Judge's Report to which Plaintiffs have properly objected.

## III.

### A.  Attorneys' Fees

#### 1.  *Coulter does not Contravene*

The Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988(b), provides, in pertinent part, that "[i]n any action or proceeding to enforce a provision of section[ ] 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . . ."  Attorney fees awarded under this section must be reasonable.  As the Supreme Court noted in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), "[t]he most useful starting point for determining the amount of a *reasonable* fee is the number of hours *reasonably* expended on the litigation multiplied by a *reasonable* hourly rate."  *Id.* at 433 (emphasis added).  However,

> . . . Congress did not intend that lawyers, already a relatively well off professional class, receive excess compensation or incentives beyond the amount necessary to cause competent legal work to be performed in these fields.  Legislative history

4

(1:10CV1986)

> speaks of "fees which are adequate to attract competent counsel, but which do not produce windfalls," S.Rep. No. 94-1011, p. 6 (1976), U.S.Code Cong. & Admin.News 1976, pp. 5908, 5913. . . .

*Coulter v. Tennessee.*, 805 F.2d 146, 148-49 (6th Cir. 1986), *cert. denied*, 482 U.S. 914 (1987).

For the reasons that have been fully articulated by the magistrate judge (ECF No. 168 at PageID #: 6092-95), the Court concludes that *Coulter*'s guidance does not contravene the purposes of § 1988.  Therefore, this objection is overruled.

> *2.  Coulter's limitations as applied to this case*

Plaintiffs argue that although the magistrate judge correctly found that they are entitled to an attorneys' fees award, the report erred in applying the 3% cap enunciated in *Coulter* to limit the fee award because the "unusual circumstances" exception to the rule makes the 3% cap inapplicable to the supplemental fees award in the case at bar.  In *Coulter*,[6] the Court of Appeals for the Sixth Circuit established a controlling general rule:

> Although time spent in preparing, presenting, and trying attorney fee applications is compensable; some guidelines and limitations must be placed on the size of these fees.  Otherwise the prospect of large fees later on may discourage early settlement of cases by rewarding protracted litigation of both the civil rights case and the attorney fee case.
>
> The cases from this and other circuits uniformly hold that a lawyer should receive a fee for preparing and successfully litigating the attorney fee case after the

_____

[6]  As a published case, *Coulter* remains binding law and must be followed unless the Supreme Court has intervened or the opinion is overruled by the Sixth Circuit sitting *en banc*.  *See United States v. Richardson*, 793 F.3d 612, 630 (6th Cir. 2015) ("[p]ublished panel opinions are binding on later panels.  A published opinion is overruled only by the court en banc." (quoting Sixth Circuit Rule 32.1(b))); *see also Nat'l Union Fire Ins. Co. v. VP Bldgs., Inc.*, 606 F.3d 835, 839-40 (6th Cir. 2010) (declining to consider arguments controlled by prior published opinions).  Neither exception applies to the case at bar.

(1:10CV1986)

> original case is over, although in the private market place, lawyers do not usually charge, and clients do not usually pay, for the time it takes lawyers to calculate their fees. [Citation omitted.]  The legislative intent behind attorney fee statutes, however, was to encourage lawyers to bring successful civil rights cases, not successful attorney fee cases.  The attorney fee case is not the case Congress expressed its intent to encourage; and in order to be included, it must ride piggyback on the civil rights case.

> . . . *In the absence of unusual circumstances, the hours allowed for preparing and litigating the attorney fee case should not exceed 3% of the hours in the main case when the issue is submitted on the papers without a trial and should not exceed 5% of the hours in the main case when a trial is necessary.*  Such guidelines and limitations are necessary to insure that the compensation from the attorney fee case will not be out of proportion to the main case and encourage protracted litigation.

*Id.* at 151 (emphasis added).

*Coulter*'s main dictate is easily understood.  An award of attorney's fees is capped at 3% of the attorney's fees in the main case, if there is no trial; the cap is 5%, if there is a trial.  *Coulter* is binding and only permits a breach of its limits when "unusual circumstances" are present. Unfortunately, *Coulter* does not explain what qualifies as unusual circumstances.  Courts in the Sixth Circuit have departed from the *Coulter* rule only in cases in which applying the cap would be unjust, or subvert the interests that support it.  *See, e.g. Lamar Advertising Co. v. Charter Twp. of Van Buren*, 178 Fed.Appx. 498, 502 (6th Cir. 2006) (defendant needlessly protracted the fees litigation by making spurious arguments on appeal).

There is no question that Plaintiffs seek fees far greater than those contemplated by *Coulter* unless there are unusual circumstances.  And, while the fees-for-fees litigation has persisted longer than any involved would like, the circumstances cannot be described as unusual. *See Northeast Ohio Coalition for the Homeless v. Sec. of State of Ohio*, 695 F.3d 563, 575-76

6

(1:10CV1986)

[6th Cir. 2012)](#) (the exception for unusual circumstances warranting a departure from the 3% rule

is not applicable in this case, despite the somewhat unusual procedural history).   Plaintiffs'

appeal of the award of "fees for fees" prolonged the fee litigation.   Plaintiffs prevailed, however,

proving the appeal was not frivolous.  This "victory" is balanced, however, against the

inclination of Plaintiffs' counsel to appeal a *Coulte*r award no matter what.  Because the

"Fees-for-Fees" Motion ([ECF No. 161](#)) regards a supplemental fee request, the Court agrees with

Defendant that the fee award is subject to the *Coulter* cap.  As U.S. District Judge Algenon L.

Marbley stated:

> In *Coulter*, the Sixth Circuit reasoned that the Three Percent Rule was "necessary
> to insure that the compensation from the attorney fee case will not be out of
> proportion to the main case." [*Coulter*, 805 F.2d at 151.]  Nothing in this
> statement suggests that the *Coulter* court's proportionality concerns turned on
> which [ ] actions served to extend the litigation; rather, the Sixth Circuit was
> concerned with the *overall* fees outcome in supplemental fees cases.

*Northeast Ohio Coalition for the Homeless v. Sec. of State of Ohio*, No. 2:06-CV-896, 2010 WL

4939946, at *8 (S.D. Ohio Nov. 30, 2010) (emphasis in original), *aff'd*, 695 F.3d 563 (6th Cir.

2012).  Applying *Coulter*, the Court, however, will cap the fee award at 5% of the award granted

in the main case.

The 5% cap is appropriate in this case even though there was no trial, due to the district

court's prior abuse of discretion requiring further litigation in the case at bar.[7]  *See Lavin II* at

---

[7] Counsel is reminded that all trial court error revealed on appeal is attributed to
the district judge.  The error in *Lavin II* is no different.  So, while the heightened 5% cap
is appropriate to maintain the proportionality espoused by *Coulter*, it does not transform
the case into one with "unusual circumstances" outside of those attendant to typical
litigation.

7

(1:10CV1986)

651 ("Because the district court abused its discretion, plaintiffs are entitled to a new

calculation."). Having to appeal to the Sixth Circuit a second time to receive reasonable merits

fees requires an adjustment upwards from the 3% cap. *See* *Myers v. Bricklayers & Masons Local*

*22 Pension Plan*, No. 3:13-cv-75, 2014 WL 7005193, at *7 (S.D. Ohio Dec. 10, 2014) (Plaintiffs

recovered fees equal to the 3% cap, plus an additional 10 hours for researching three novel issues

presented in this ERISA case.); *Potter v. Blue Cross Blue Shield of Michigan*, 10 F.Supp.3d 737,

751 (E.D.Mich. 2014) (overruling objection in ERISA denial-of-benefits class action against

insurer that the total request constituted more than 8% of the total fees and should be limited to

3%); *Nance v. Zwicker & Associates, PC*, No. 1:13 CV 01604, 2015 WL 2195063, at *13 (N.D.

Ohio May 11, 2015) (Wells, J.) (adopting report and recommendation of Magistrate Judge

Vecchiarelli) ("Three percent of 26.6 hours is approximately .8 hours, which the undersigned

rounds up to 1 hour."). Some reasonable recompense must be made.

### B. Costs

Plaintiffs request costs of $14,943.98 for pursuing Plaintiffs' original fee application in

the case at bar. The Fees-for-Fees Expenses (ECF No. 161-9) includes three entries for

discussions with amici counsel, as well as outside consultants obtained by Plaintiffs for the

purpose of reviewing the issues and improving their *Lavin II* appellate brief. To the extent

Plaintiffs raise an objection,[8] the Court agrees with the magistrate judge that these expenses for

---

[8] Plaintiffs do not develop this argument in the objections or cite appropriate
authority. Plaintiffs argue only in perfunctory manner in a footnote: "[w]hile the
physicians object to this reduction, they lack the space here to develop their argument to
any appreciable extent." ECF No. 172 at PageID #: 6107 n. 3.

(1:10CV1986)

outside consultants, totaling $5,412.50, are not reasonable and should be deducted.  ECF No. 168 at PageID #: 6069.  *See Rivet v. State Farm Mut. Auto. Ins. Co.*, 316 Fed.Appx. 440, 449 (6th Cir. 2009) (refusing to address "arguments that . . . are unsupported or undeveloped").  Plaintiffs must bear their own expenses regarding outside experts retained to ensure the accuracy and persuasiveness of their positions and presentation.

**IV.**

Plaintiffs' Objections (ECF No. 172) are overruled and the substantive portions of the Report and Recommendation (ECF No. 168) of the magistrate judge are hereby adopted.  The calculation of attorneys' fees is modified to 2% greater than that recommended by the magistrate judge.  Plaintiffs' Motion for Fees and Costs Incurred Prosecuting Their Attorneys' Fees Motion ("Fees-for-Fees" Motion) (ECF No. 161) is granted in part and denied in part.  Plaintiffs are awarded a total of $22,731.78 in fees ($454,635.53 x 5%) and $9,531.48 ($14,943.98 - $5,412.50) in costs for the litigation related to Plaintiffs' original request for fees in this matter.


IT IS SO ORDERED.


 August 31, 2015                              */s/ Benita Y. Pearson*
Date                                         Benita Y. Pearson
                                             United States District Judge

9